346 A.2d 744

**In re Aloysius J. STAUD et al., Appellants in Nos. 587, 608 (two cases).**

**In the Matter of an Attorney.**

**Appeal of Aloysius J. STAUD, in No. 395.**

**Appeal of Arthur D. RABELOW, in No. 396.**

**Appeal of Marvin LUNDY, in No. 397.**

**Appeal of Donald F. MANCHEL, in No. 398.**

Supreme Court of Pennsylvania.

Argued Sept. 24, 1975.

Decided Oct. 30, 1975.

I. Raymond Kremer, Neil H. Stein, Philadelphia, for appellants; Kremer, Krimsky & Luterman, P.C., Philadelphia, of counsel.

William P. Stewart, Sp. Counsel, Philadelphia, for appellee, Special Judicial Investigation, and for appellant at No. 608 and appellee No. 587.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

290

OPINION OF THE COURT

PER CURIAM.

The appeal at No. 587 January Term, 1974 was from an Order entered by the Special Disciplinary Court of the Court of Common Pleas of Philadelphia entered June 27, 1974 [1] and the Appeals docketed at Nos. 395, 396, 397, 398 January Term, 1973 from an Order of the Honorable Kendall H. Shoyer entered May 24, 1973.[2] After the entry of the Order of Judge Shoyer, appellants Staud, Rabelow, Lundy, and Manchel appealed to this Court. By Memorandum Opinion filed November 26, 1973, the cause was remanded for further proceedings before a

1. The Order of the Special Disciplinary Court provided:
"AND NOW, this 27th day of June, 1974, it is hereby ORDERED AND DECREED:

1. That the respondents, ALOYSIUS J. STAUD, ARTHUR D. RABELOW, MARVIN LUNDY AND DONALD F. MANCHEL, are each suspended from the practice of law for a period of sixty (60) days.

2. The Order of suspension shall not become effective for a period of thirty (30) days from the date hereof, in order to permit respondents to appeal to the Supreme Court of Pennsylvania. In the event that an appeal is filed, said appeal shall act as a supersedeas.

3. In the event that the Order of this Court is finally affirmed, this Order shall not become effective as to any respondent who shall appear before Judge Kendall H. Shoyer, together with the records which have been subpoenaed, and shall fully answer all questions and produce all documents which Judge Shoyer determines are not privileged, or in violation of constitutional rights.

4. This Order shall not in any way affect any disciplinary proceedings instituted against any of the respondents as a result of the continued investigation into their activities as lawyers."
The Appeal at No. 608 is a Cross-Appeal filed by the Special Counsel from the June 27th Order.

2. Judge Shoyer's Order provided:
AND NOW this day, May 24, 1973, the court enters an order suspending you from the practice of law until such time as you indicate to Mr. Stewart or to me your willingness to appear and submit to interrogation and to answer such questions as you may feel free to answer without in any way denying yourself available constitutional rights and privileges . . ."

Special Disciplinary Court that had been convened by the then President Judge Donald D. Jamieson to dispose of certain categories of alleged unethical behavior. After the entry of the Order of the Special Disciplinary Court, the matter is again before this Court.

Voluminous pleadings have been filed in the matter before us and oral argument has been heard. The most recent petition is the request of Mr. Stewart, Special Counsel, that the appeals be remanded to the appropriate courts below. Mr. Stewart asserts that if this Court is disposed to remand the matter to the lower court, he will request those courts to vacate the Disciplinary Orders from which these appeals have been taken. In response, counsel for the lawyer-appellants argues the need for a definitive resolution of the issues raised. These appellants also charged that they have improperly been caused to sustain substantial loss as a result of these proceedings.

In our judgment, if the Special Counsel is permitted to carry out his stated intention and if the courts below accede to his request, the matter will be resolved and no purpose would be served by further exploration of the cause. Moreover, if lawyer-appellants are correct in their assertion that they were wrongly caused to sustain damages, their remedy is to be sought in another proceeding. This was not an action in tort to recover damages but rather simply a question as to the validity of the Orders of Suspension. The withdrawal of the Orders of Suspension would necessarily moot all issues involved.

Accordingly, the Appeal docketed at No. 587 January Term, 1974, is remanded to the Special Disciplinary Court of the Court of Common Pleas for Philadelphia and the Appeals docketed at Nos. 395, 396, 397, 398 January Term, 1973, are remanded to Judge Shoyer. The Cross-Appeal of the Special Judicial Investigation at No.

292

608 January Term, 1974 is withdrawn without prejudice.[3]

It is so ordered.

---

**3.** Before filing the Petition to Remand Appeals, Special Counsel had filed a pleading styled "Motion to Terminate Appeals". The prior pleading requested that this Court terminate the appeals based on a theory of mootness. In that pleading, Special Counsel averred that he would withdraw his cross-appeal docketed at No. 608 January Term, 1974 if the Court acted favorably upon the Motion to Terminate. While the subsequent Petition to Remand failed to specifically suggest a disposition of the cross-appeal at No. 608, it is implicitly apparent that Special Counsel intended for this appeal to be withdrawn in the event of favorable action by this Court. We have allowed withdrawal to be without prejudice in the event that the courts below reject the requests to rescind the earlier Orders.